RECEIVED
IN LAKE CHARLES, LA

AUG 2 3 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DALE ROWE, JR., ET AL. | : | DOCKET NO. 05-0623 |
| VS. | : | JUDGE MINALDI |
| FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

The Magistrate Judge issued a Report and Recommendation on the 20th of June, 2005, recommending that the plaintiffs' Motion to Remand [doc. 14] be denied.

The Magistrate Judge noted that once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 192 (1993); (*citing, Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). If jurisdiction is alleged on the basis that non-diverse parties have been fraudulently joined, then the removing party must prove the presence of fraud.[1] *Jernigan*, 989 F.2d at 815, (*citing, Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir.), *cert. denied*, 498 U. S. 817, 111 S. Ct. 60 (1990)). To prove fraud, the removing party "must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been out-right fraud in the plaintiff's pleadings of jurisdictional facts". *Jernigan, supra*, (*citing, B. Inc. v. Miller Brewing*

---

[1] We emphasize that "fraudulent joinder" is a term of art and does not reflect on the integrity of the plaintiffs or their counsel; rather, this term simply applies if the court finds that no cause of action is stated against the non-diverse defendant. *Louis v. Time, Inc.*, 83 F.R.D. 455 (D.C. Cal. 1979).

*Co.*, 663 F.2d 545 (5th Cir. 1981)). In determining whether there has been fraudulent joinder, this court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of plaintiff." *Id.* If there is any reasonable basis upon which state law might impose liability under the alleged facts, then there is no fraudulent joinder. *Jernigan*, 989 F.2d at 816. "[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994).

The Louisiana Products Liability Act establishes the exclusive theories of liability for manufacturers for damages caused by their products. A manufacturer of a product is liable for damages proximately caused by a "characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R.S. 9:2800.54. "Manufacturer" is defined in the Act, in pertinent part:

> (1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product.

"Manufacturer" also means:

(a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.

(b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.

(c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.

La.R.S. 9:2800.53(1).

2

In contrast, the Act defines a "seller" as "a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." La.R.S. 9:2800.53(2). A non-manufacturing seller who does not vouch for the product by holding it out as his own does not incur strict manufacturer's liability under the LPLA, but is responsible for damages in tort "only if he knew or should have known that the product sold was defective, and failed to declare it." *Wilson v. State Farm Fire & Cas. Ins.Co.*, 94-1342 (La.App. 3d Cir. 4/5/95), 654 So.2d 385, 387; *Davis v. Burlingame*, 607 So.2d 853 (La.App. 2d Cir.1992), writ denied (1993); *Hopper v. Crown*, 560 So.2d 890, 893 (La.App. 1st Cir.1990); *Picolo v. Flex-A-Bed, Inc.*, 466 So.2d 652 (La.App. 5th Cir.), writ denied, 467 So.2d 1134 (1985); *Jones v. Employers Mut. Liability Ins. Co.*, 430 So.2d 357, 359 (La.App. 3d Cir.1983); *Nelton v. Astro-Lounger Mfg. Co. Inc.*, 542 So.2d 128, 131 (La.App. 1st Cir.1989); *Harris v. Atlanta Stove Works*, Inc., 428 So.2d 1040, 1043 (La.App. 1st Cir.), writ denied, 434 So.2d 1106 (1983). In addition, a non-manufacturing seller "is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects." *Harris v. Atlanta, supra; Nelton*, supra; *Parks ex rel. Parks v. Baby Fair Imports, Inc.*, 98-626 (La.App. 5th Cir. 12/16/98), 726 So.2d 62, 64.

A non-manufacturing seller can be responsible for damages in tort if he knew or should have known that the product sold was defective, and failed to declare it. The Magistrate Judge found no material fact which would distinguish the case at bar from *Greene v. Fleetwood Enterprises, Inc.*, Civil Action No. 04-1569 (W.D. La.). In *Greene*, however, the complaint did not allege that Kite Bros. knew or should have known of the alleged defect. The facts of the case at bar are easily distinguishable as the plaintiffs in this case allege that they bought a "new" motor

home which they alleged had been wrecked and/or damaged prior to sale. They allege that Kite knew or should have known of this existing damage and did not make it known to the buyers. In this instance, Kite would not be a good faith seller.

Accordingly, because the petitioner's damages against Kite Bros. are not limited as Kite is allegedly not a good faith seller under the redhibition statutes, this court finds that diversity does not exist and the motion to remand will be GRANTED.

Lake Charles, Louisiana, this ___17___ day of August, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE